■ ALLEN A. FUNT PRODUCTIONS, INC., et al., Respondents, v CHEMICAL BANK, Appellant and Third-Party Plaintiff. JOAN GOLDES, as Administratrix of the Estate of SEYMOUR GOLDES, Deceased, Third-Party Defendant.—Order, Supreme Court, New York County, entered July 30, 1977, denying defendant's motion for partial summary judgment is reversed, on the law, with $60 costs and disbursements of this appeal payable to appellant, and defendant's motion for partial summary judgment is granted. Plaintiffs here are producers of entertainment; defendant was their bank. One Seymour Goldes, whose estate is the third-party defendant, was the accountant for the plaintiffs. As the accountant, and agent in fact, Goldes was able to convert large sums of money to his own use. The plaintiffs opened checking accounts with defendant bank. In January, 1968, defendant bank received an executed certificate of officers form and a corporate resolution which listed Goldes as an "authorized signer". Plaintiff later delivered to the bank a power of attorney which conferred similar authority on Goldes. Plaintiffs also executed and filed signature cards covering their accounts. Between 1968 and 1972, Goldes signed many checks drawn on the accounts, some of which were payable to himself, some were cashed, others deposited in his personal account at the same branch. In addition, the bank statements and any inquiries about the accounts were directed to be sent to Goldes. Defendant bank moved for partial summary judgment dismissing that part of the complaint which seeks recovery on a theory of negligence and Special Term denied the motion. Section 9 of the Banking Law is clear that: "Notwithstanding section 3-304 of the uniform commercial code, the drawing of a check by an officer or agent of a corporation against the account of, or in the name of the corporation, whether the check is drawn against an account in the name of the corporation, or in the name of such officer or agent of the corporation as such, to himself as payee * * * and * * * the cashing of such check or the deposit thereof to the credit of his personal account, shall not constitute notice to a private banker, banking organization or branch of a foreign banking corporation of any defense against or claim to the check on the part of any person, provided that the private banker, banking organization or branch has on file an authorization from the corporation showing that the officer or agent is authorized on behalf of the corporation to perform any of the above acts for unlimited or limited amounts, and that the amount of the check does not exceed the maximum limits of the amount so contained in the authorization so filed for the officer or agent when such a limitation is contained therein." Plaintiffs rely upon subdivision (1) of section 4-103 of the Uniform Commercial Code, which provides that no agreement can disclaim a bank's responsibility for its own lack of good faith or failure to exercise ordinary care. Such reliance is misplaced for our purposes because the question of good faith can be ascertained at trial on the question of collusion. As to the standards of responsibility or ordinary care, the parties agreed to a standard when they signed and filed an authorization with the bank. Section 9 of the Banking Law requires that the bank have on file an authorization from the corporation showing that the agent has authority to draw checks (in this case), providing he does not

exceed any limitations on amount in order for the bank to be held harmless. The bank has satisfied these requirements, and therefore, no factual issues with regard to defendant's alleged negligence appear to exist. Concur—Evans, J. P., Markewich, Lynch and Sullivan, JJ.; Sandler, J., dissents in a memorandum as follows: Notwithstanding the sweeping provisions of the executed certificate of officers form and corporate resolution, I believe that a factual issue is presented as to whether or not the bank exercised appropriate care under all the circumstances. This seems to me pre-eminently the kind of case in which summary judgment should not be granted until after discovery has been completed. Given the enormous amount of money that was embezzled and some of the attending suspicious circumstances, the possibility cannot be excluded that discovery will disclose facts that will substantiate the causes of action here dismissed.